UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUPLAL KHADKA,<br><br>                                      Petitioner,<br><br>v.<br><br>OTAY MESA DETENTION CENTER,<br><br>                                      Respondent. | Case No.:  3:26-cv-00475-RBM-MMP<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

Pending before the Court is Petitioner Ruplal Khadka's ("Petitioner") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"). (Doc. 1.)  For the reasons set forth below, the Petition is **<u>GRANTED IN PART</u>**.

## I.    <u>BACKGROUND</u>

Petitioner, a native and citizen of Nepal, entered the United States without inspection on December 3, 2024. (Doc. 1 at 6; Doc. 4 at 2 (citing Doc. 4-1, Ex. 1 at 3–4).)  "He was determined to be inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) [and] placed in expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1)."  (Doc. 4 at 2.)  Petitioner was then taken into United States Immigration and Customs Enforcement's ("ICE") custody. (*Id*.)  On or around January 23, 2025, Petitioner was interviewed by an asylum officer and subsequently received a positive credible fear determination. (*Id*.; Doc. 1 at 6.)  At some point thereafter, Petitioner was issued a Notice to Appear ("NTA") which

initiated full removal proceedings against Petitioner under 8 U.S.C. § 1229a.  (Doc. 4 at 2.)

Petitioner's individual merits hearing was originally scheduled for October 8, 2025, but the hearing was continued to January 27, 2026, at Petitioner's request.  (*Id.*)  Petitioner was then granted a second continuance and his merits hearing was rescheduled to June 23, 2026.  (*Id.*)  Petitioner's removal proceedings remain ongoing "and there is no administratively final order of removal at this time."  (*Id.*)

On January 23, 2026, Petitioner commenced the instant action by filing the Petition. (Doc. 1.)  Respondents filed a Return to the Petition ("Response") on February 11, 2026. (Doc. 4.)  Petitioner has not filed an optional reply as of the date of this Order.

## II.   <u>LEGAL STANDARD</u>

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  *Id.* § 2241(c)(3).

## III.   <u>DISCUSSION</u>

Petitioner claims he has been detained for over a year without bond or parole.  (Doc. 1 at 6–7.)  Respondents argue that: (1) the Court lacks jurisdiction because Petitioner failed to name the warden of the facility where he is detained as a respondent and Petitioner's claims are barred by 8 U.S.C. § 1252(g); (2) Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(ii); (3) Section 1225(b) provides all the due process that Petitioner is owed; and (4) Petitioner's detention has not become constitutionally prolonged.  (Doc. 4 at 1, 3–9.)

2

**A.    Jurisdiction**

As the Court has an obligation to "determine that [it has] jurisdiction before proceeding to the merits" of any case, it will first address Respondents' jurisdictional arguments. *Lance v. Coffman*, 549 U.S. 437, 439 (2007).

**1.    Failure to Name Warden**

Respondents argue that the Petition should be denied because Petitioner "failed to name as a respondent the warden of the facility where he is detained." (Doc. 4 at 3.)

Habeas petitioners "challenging their present physical confinement [must] name their immediate custodian, the warden of the facility where they are detained, as the respondent to their petition." *Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024). Some "district courts have acknowledged this technical defect, but do not dismiss the case, particularly where a pro se litigant is involved." *Guatam v. Corr. Corp of Am.*, Case No.: 3:25-cv-3600-JES-DEB, 2026 WL 25846, at *2 (S.D. Cal. Jan. 5, 2026) (citing cases). Indeed, the Court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

In this case, Petitioner failed to name his immediate custodian—the warden of the Otay Mesa Detention Center—as a respondent. "[I]n light of Petitioner's pro se status and the liberty interests at issue, the Court . . . will address the [P]etition on the merits rather than dismiss" it. *Guatam*, 2026 WL 25846, at *2; *see Devilmar v. U.S. Immigr. & Customs Enf't*, Case No.: 3:26-cv-0009-JES-MSB, 2026 WL 130387, at *1 (S.D. Cal. Jan. 16, 2026) (finding "it prudent to follow suit of its sister courts and address the Petition on the merits rather than dismiss the Petition."); *see also Singh v. Field Off. Dir., San Francisco Field Off., U.S. Immigr. & Customs Enf't*, Case No. 24-cv-03472-RMI, 2024 WL 4454824, at *1 (N.D. Cal. Sept. 9, 2024) (finding "the interests of justice are best served by" transferring a habeas petition filed in the wrong district by a pro se litigant who did not name the warden, "in lieu of dismissal, which would only delay this matter and unduly burden Petitioner.").

### 2.    8 U.S.C. § 1252(g)

This Court has consistently rejected Respondents' jurisdictional arguments concerning 8 U.S.C. § 1252(g) and do so again here so the same reasons. *See Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1161–62 (S.D. Cal. 2025); *Hussain v. LaRose*, Case No.: 3:26-cv-00194-RBM-MSB, 2026 WL 206715, at *1 n.2 (S.D. Cal. Jan. 27, 2026); *Zhakuov v. Noem*, Case No.: 3:26-cv-00288-RBM-DDL, 2026 WL 517981, at *1 n.2 (S.D. Cal. Feb. 25, 2026); *Xie v. LaRose*, Case No.: 3:26-cv-00529-RBM-DDL, 2026 WL 549909, at *2 n.2 (S.D. Cal. Feb. 27, 2026).

Here, Petitioner claims he has "been detained for more than a year without . . . bond or parole." (Doc. 1 at 6.)  He is therefore enforcing his "constitutional rights to due process in the context of the removal proceedings—*not* the legitimacy of the removal proceedings or any removal order." *Garcia v. Noem*, 803 F. Supp. 3d 1064, 1074 (S.D. Cal. 2025) (emphasis in original).  Accordingly, § 1252(g) does not strip the Court of jurisdiction.

### B.    Due Process

Respondents argue that Petitioner is mandatorily detained pursuant to 8 U.S.C. § 1225(b).  (Doc. 4 at 5.)  Respondents further argue that Petitioner's detention does not violate the Fifth Amendment's Due Process Clause because § 1225(b) does not limit the length of detention and "the only process due is that afforded under section 1225(b)." (*Id.* at 6–7 (citing *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 207–09 (1953); and *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138–40 (2020)).)

As a threshold matter, the Court agrees that Petitioner is subject to detention under § 1225(b) because Petitioner was detained at the border upon his arrival to the United States as an "applicant for admission."  *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018) ("Under [§ 1225, a noncitizen] who 'arrives in the United States,' or 'is present' in this country but 'has not been admitted,' is treated as 'an applicant for admission.'") (quoting 8 U.S.C. § 1225(a)(1)).

However, Respondents' due process arguments are identical to those recently addressed and rejected by this Court.  In *Malyshko*, this Court "join[ed] the majority of

4

courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process." *Malyshko v. Warden, Otay Mesa Det. Ctr.*, Case No.: 3:26-cv-00069-RBM-SBC, 2026 WL 252367, at *4 (S.D. Cal. Jan. 30, 2026) (quoting *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020)); *see Hussain*, 2026 WL 206715, at *2 (quoting the same); *Zhakuov*, 2026 WL 517981, at *2 (same); *Xie*, 2026 WL 549909, at *2 (same). "This Court likewise agree[d] with those district courts that interpret *Thuraissigiam* as circumscribing an arriving noncitizen's due process rights to admission, rather than limiting that person's ability to challenge detention." *Malyshko*, 2026 WL 252367, at *4 (quoting *Gao v. LaRose*, 805 F. Supp. 3d 1106, 1110 (S.D. Cal. 2025)).

The Court adopts its reasoning in those cases and applies it here. For those same reasons, the Court concludes that an unreasonably prolonged detention under § 1225(b) without a bond hearing violates due process. *See also Noori v. LaRose*, 807 F. Supp. 3d 1146, 1157 (S.D. Cal. 2025) ("Noncitizens seeking asylum are guaranteed due process under the 5th Amendment throughout this process [under § 1229a]." (citing *Reno v. Flores*, 507 U.S. 292, 306 (1993)).

**C.    Prolonged Detention**

To determine whether § 1225(b) detention has become unreasonable, the Court considers:

> (1) total length of detention to date; (2) likely duration of future detention; (3) conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*Kydyrali*, 499 F. Supp. 3d at 773 (citing *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019)).[1]

---

[1] Respondents rely on the framework set forth in *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022). (Doc. 4 at 8.) However, the *Lopez* court applied the outlined factors

First, "the length of detention . . . is the most important factor." *Banda*, 385 F. Supp. 3d at 1106. This factor weighs in favor of Petitioner because Petitioner has been detained for more than 15 months. *See Abdul Kadir v. Larose*, Case No.: 25cv1045-LL-MMP, 2025 WL 2932654, at *5 (S.D. Cal. Oct. 15, 2025) (collecting cases and finding that a nearly 13-month detention weighed in favor of the petitioner); *see also Sibomana v. LaRose*, Case No.: 3:22-cv-933-LL-NLS, 2023 WL 3028093, at *4 (S.D. Cal. Apr. 20, 2023) ("In general, as detention continues past a year, courts become extremely wary of permitting continued custody absent a bond hearing.") (citation omitted).

The second factor, the likely duration of future detention, also weighs in favor of Petitioner. Respondents claim that Petitioner's "individual merits hearing is now scheduled for June 23, 2026, at which point his path to release or removal should be clear." (Doc. 4 at 9.) But "there is . . . no indication that this hearing will even result in a final decision in his removal proceedings." *Prabhpreet v. LaRose*, No. 26-CV-393-JES-SBC, 2026 WL 310192, at *4 (S.D. Cal. Feb. 5, 2026). "'Due to the built in procedures,' full removal proceedings [under § 1229a] 'typically take place over the course of multiple hearings,' which 'allows time for noncitizens to both gather evidence in support of petitions for relief available in immigration court and seek collateral relief from other components of the Department of Homeland Security ('DHS')." *Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 926 (N.D. Cal. 2025) (quoting *Coal. for Humane Immigrant Rts. v. Noem*, 805 F. Supp. 3d 48, 59 (D.D.C. 2025)). "Either party can appeal the IJ's decision to the Board of Immigration Appeals ('BIA'), and if the BIA upholds a removal order, the noncitizen can appeal that decision to a United States court of appeals." *Id*. (citing 8 C.F.R. §§ 1240.15, 1003.1; 8 U.S.C. § 1252). As such, "full removal proceedings 'take place over the course of several months.'" *Id*. (quoting *Make the Rd. New York v. Noem*, 805 F. Supp. 3d 139, 148 (D.D.C. 2025)). In this case, regardless of the outcome of his hearing,

in the § 1226 context. *See Lopez*, 631 F. Supp. 3d at 879. The Court notes the factors set forth above share significant overlap with the *Lopez* factors.

Petitioner cannot be removed until his full removal proceedings are completed, his application for relief is adjudicated, if and when one is filed, and an order of removal becomes final. *See Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1094–95 (S.D. Cal. 2025); *K C v. Chestnut*, No. 1:26-cv-00227-DJC-CSK, 2026 WL 412505, at *2 (E.D. Cal. Feb. 13, 2026) (finding a petitioner's "detention is likely to endure indefinitely while determinations about [his] asylum claim and removability are made and appealed").

As to the third factor, "[t]he more that the conditions under which the [noncitizen] is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing." *Banda*, 385 F. Supp. 3d at 1119 (citation omitted). Petitioner is detained at the Otay Mesa Detention Center, which several courts have found is "indistinguishable from penal confinement." *Kydyrali*, 499 F. Supp. 3d at 773 (citation omitted); *see Abdul*, 2025 WL 2932654, at *5. This factor also weighs in Petitioners' favor.

The fourth and fifth factors concern delays in the removal proceedings caused by Petitioner and the Government, respectively. The Court notes that Petitioner's immigration case has been "pending before the agency for over [fifteen] months—well beyond the average completion time for removal proceedings in a detained case." *See Kydyrali*, 499 F. Supp. 3d at 773 (citing *Demore v. Kim*, 538 U.S. 510, 529 (2003)). Petitioner's merits hearing was originally set for October 8, 2025, and, as Respondents note, Petitioner "has twice requested continuances of his merits hearing." (Doc. 4 at 2, 9; *see also* Doc. 1 at 1 (alleging Petitioner's "court date" was changed once).) Although Petitioner's reasons for his requests are not known, the two continuances moved his merits hearing by eight months to June 23, 2026. *Cf. Abduraimov v. Andrews*, Case No. 1:25-cv-00843-EPG-HC, 2025 WL 2912307, at *9 (E.D. Cal. Oct. 14, 2025) ("The fact that Petitioner chose to pursue an application for relief and requested continuances to further that application does not deprive him of a constitutional right to due process.") (quoting *Henriquez v. Garland*, Case No. 5:22-cv-00869-EJD, 2022 WL 2132919, at *5 (N.D. Cal. June 14, 2022)).

Moreover, Respondents contend that they have "not cause[d] any delay in the removal proceedings," but do not provide the date on which Petitioner's § 1229a removal

proceedings commenced or the relevant NTA to allow the Court to reach such a conclusion. (*See* Doc. 4 at 6.)  Petitioner states he was interviewed on January 23, 2025, "got a positive decision, [and] after that they started [his] court proceedings."  (Doc. 1 at 6.)  Although Respondents acknowledge that the filing of the NTA initiated Petitioner's full removal proceedings under § 1229a (*see* Doc. 4 at 2), they provide no information about the removal proceedings to date or any reason for why Petitioner's hearing was originally scheduled over eight months *after* he received a positive credible fear determination.  *See Abduraimov*, 2025 WL 2912307, at *9 ("[W]here the fault is attributable to some entity other than the [noncitizen], the factor will weigh in favor of concluding that continued detention without a bond hearing is unreasonable.") (quoting *Sajous v. Decker*, 18-CV-2447 (AJN), 2018 WL 2357266, at *11 (S.D.N.Y. May 23, 2018)).  Absent additional information, the Court finds the fourth and fifth factors are neutral.

Lastly, "[i]n considering the 'likelihood that the removal proceedings will result in a final order of removal,' the Court considers 'whether the noncitizen has asserted any defenses to removal.'"  *Abdul Kadir*, 2025 WL 2932654, at *5 (quoting *Banda*, 385 F. Supp. at 1120).  Here, an asylum officer made a positive credible fear determination.  (Doc. 1 at 6; Doc. 4 at 2.)  As the record before the Court does not contain any other information concerning his removal proceedings, the sixth factor weights slightly in favor of Petitioner. *See Guatam*, 2026 WL 25846, at *5; *Gurung v. Larose*, Case No.: 26v920-LL-MSB, 2026 WL 776841, at *5 (S.D. Cal. Mar. 19, 2026) (finding the delay factor "slightly in favor of" the petitioner where "an asylum officer made a positive credible fear finding.").

Four of the six factors, including the most important one, weigh in Petitioner's favor. The Court finds that Petitioner's detention under § 1225(b) has become unreasonably prolonged and due process therefore requires that he be provided with a bond hearing. Accordingly, the Petition is **GRANTED**.[2]

---

[2]  Petitioner's request for an order directing his release is therefore **DENIED**.

3:26-cv-00475-RBM-MMP

### IV. **CONCLUSION**

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to arrange an individualized bond hearing for Petitioner before an immigration judge within **fourteen (14) days** of entry of this Order to determine whether his continued detention is warranted.

2. Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioners pose a danger to the community or a risk of flight.[3]

3. Respondents are **ORDERED** to file a Notice of Compliance within ten (10) days of providing Petitioner with a bond hearing, including apprising the Court of the results of that hearing.

4. If no hearing occurs within ten (10) days of entry of this Order, Petitioner shall be released from Respondents' custody.

**IT IS SO ORDERED**.

DATE:  March 23, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[3] This relief has been granted in similar matters. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1089 (E.D. Cal. 2025); *Sadeqi*, 809 F. Supp. 3d at 1095; *Abdul Kadir*, 2025 WL 2932654, at *6.

3:26-cv-00475-RBM-MMP